## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SARAH KELSH, on behalf of herself and all others similarly situated,

        Plaintiffs,

        v.

FIRST NIAGARA FINANCIAL GROUP, INC.,

        Defendant.

: 
: 
: 
: 
:   Civil Action No. 2:12-01202
: 
: 
: 
: 
: 
: 
:

## JOINT STIPULATION FOR CLASS ACTION SETTLEMENT AND RELEASE

This Joint Stipulation for Class Action Settlement and Release ("Settlement Agreement") is made and entered into by and between the following:  Plaintiff Sarah Kelsh, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), Opt-in Plaintiffs Janice Dillalogue, Mary Metz, Cathy Nissley and Heather Slifer, and Defendant First Niagara Bank, N.A. ("Defendant" or "FNB").[1]  This Settlement Agreement is subject to the terms and conditions hereof and to the approval of the Court.

## BACKGROUND

1.      On March 8, 2012, Plaintiff filed this lawsuit, captioned *Kelsh v. First Niagara Financial Group, Inc*., Civ. A. No. 2:12-01202, in the United States District Court for the Eastern District of Pennsylvania (referred to herein as the "Action").  The Action alleges that Defendant failed to pay Plaintiff and those other current and former FNB Assistant Branch Managers ("ABMs") who had previously worked for Harleysville National Bank ("HNB"),

---

[1] The Complaint improperly names First Niagara Financial Group, Inc. ("FNFG") as Defendant.  FNFG is a holding company that has no retail banking employees.  The proper Defendant is FNB, a wholly-owned subsidiary of FNFG, and the entity which employed Plaintiff and the members of the putative class.  Thus, for purposes of this Settlement Agreement only, the terms Defendant and/or FNB expressly include FNFG.

proper overtime pay during the time that HNB and FNB classified such ABMs as exempt, non-overtime eligible employees.  Plaintiff alleged that such pay practices violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333, *et seq.*

2.      Plaintiff asserted collective and class action allegations in the Complaint.

3.      Defendant denies all material allegations made by Plaintiff and denies that it engaged in any wrongdoing with respect to the subject matter of the lawsuit.  Notwithstanding, recognizing the expense and burden associated with litigation, particularly class-based litigation, the Parties agreed to engage in limited fact discovery as a precursor to private mediation.

4.      On October 2, 2012, the Parties, represented by competent counsel, participated in private mediation with Sally Cimini, Esquire of the law firm Leech Tishman, Pittsburgh, PA. Having each fully considered the costs and risks associated with continued litigation of this Action, Plaintiffs and Defendant enter into this Settlement Agreement for the purposes of resolving all claims in the Complaint.

## DEFINITIONS

5.      "Parties" refers jointly to Plaintiff, any Opt-in Plaintiffs, all Class Members as herein defined, and Defendants, as herein defined.

6.      "Class Members" means Plaintiff and every individual who, during any workweek after March 7, 2009, was:  (i) employed by FNB as a salaried ABM; (ii) classified as overtime-exempt; and (iii) assigned to a branch formerly owned by HNB, or any of its subsidiaries.  The Class Members include all individuals, identified by payroll number, listed in Exhibit A.

7.      "Class Counsel" means Winebrake & Santillo, LLC, Twining Office Center, 715 Twining Road, Suite 211, Dresher, PA 19025.

- 2 -

8.      "Court" means the United States District Court for the Eastern District of Pennsylvania.

9.      "Defendant" means FNB, HNB, FNFG, and all of its and their affiliated or related companies, as well as its and their respective agents, employees, successors, heirs, spouses, administrators, executors, partners, directors, assigns, and all of their past, present and future representatives and predecessors.

10.     "Effective Date" means the later of:  (i) the day after expiration of the time for appeal from the Court's order granting final approval of this Settlement Agreement; or (ii) if a timely appeal from such order is filed, the day after final resolution of the appeal (including any petitions for rehearing/rehearing en banc, or for writ of certiorari), and/or the expiration of any time period for any further appeal or judicial review, resulting in the final judicial approval of the Settlement Agreement.

11.     "Fairness Hearing" means the hearing conducted by the Court in accordance with Fed. R. Civ. P. 23(f).

12.     "Notice Form" means the form informing Class Members of the Settlement in substantially the same form as attached as Exhibit B.

13.     "Participating Class Members" means all Class Members who do not exclude themselves from the settlement pursuant to the procedures described in the Notice Form.

14.     "Payout Amount" means, for each Participating Class Member, the amount listed in Exhibit A, which the parties agree is to be presented to the Court under seal for in camera review only and not publicly filed.

15.     "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order described in Paragraph 37.

## SETTLEMENT CLASS

16.     For purposes of this Settlement Agreement only, the Parties agree that the following "Settlement Class" will be certified pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of the "Class Members:"  Plaintiff and every individual who, during any workweek after March 7, 2009, was:  (i) employed by Defendant as a salaried ABM; (ii) classified as overtime-exempt; and (iii) assigned to a branch formerly owned by HNB, or any of its subsidiaries.  The Settlement Class includes all individuals, identified by payroll number, listed in Exhibit A.

17.     If the Settlement Agreement is not approved, Defendant's stipulation to the certification of the above class shall be null and void and may not be used or relied upon by Plaintiff, Class Counsel, any Class Member or the Court for any purpose whatsoever in this litigation or in any other judicial, administrative or arbitral proceeding.  This Settlement Agreement shall be deemed to fall within the protection afforded compromises and offers to compromise by Rule 408 of the Federal Rules of Evidence and Rule 408 of the Pennsylvania Rules of Evidence.

## NON-ADMISSION OF LIABILITY

18.     By entering into this Settlement Agreement, Defendant in no way admits any violation of law or any liability whatsoever to Plaintiff and/or the Class Members, individually or collectively, all such liability being expressly denied.  Likewise, by entering into this Settlement Agreement, Defendant in no way admits to the suitability of this case for class or collective action treatment other than for purposes of settlement.  Rather, Defendant enters into this Settlement Agreement to avoid further protracted litigation and to resolve and settle all disputes with Plaintiff and the putative class.  Settlement of the Action, negotiation and execution of this Settlement Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Settlement Agreement or the settlement: (a)  are not, shall not be deemed to

- 4 -

be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendant or of the truth of any of the factual allegations in the Complaint; (b)  are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendant in any civil, criminal, administrative or arbitral proceeding; and (c)  are not, shall not be deemed to be, and may not be used as an admission or evidence of the appropriateness of these or similar claims for class certification or administration or collective action treatment other than for purposes of administering this Settlement Agreement.  The Parties understand and agree that this Settlement Agreement and all exhibits thereto are settlement documents and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Settlement Agreement.

## SCOPE OF SETTLEMENT

19.    The Parties desire to fully, finally, and forever settle, compromise, and discharge all wage and hour-related disputes and claims that have been brought in the Action, that could have been brought in the Action, or that reasonably arise out of the facts alleged in the Action which exist between them.

20.    The Parties intend that this Settlement Agreement shall constitute a settlement and release of Defendant to the extent described in paragraphs 34 and 35 below.  Such release includes in its effect all present and former subsidiaries, parents, general partners, limited partners, members, shareholders, officers, directors, employees, agents, attorneys, affiliates, successors, and assigns of Defendant.

## FAIRNESS

21.    Class Counsel has conducted a thorough investigation into the facts of the Action, including an extensive review of documents together with in-person interviews of all Opt-In Plaintiffs and certain putative class members.  Class Counsel has also diligently investigated

- 5 -

class members' claims against Defendant.  Based on their own independent investigation and evaluation, Class Counsel believes that the settlement with Defendant for the consideration and on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendant, and potential appellate issues.  Defendant and Defendant's counsel also agree that the settlement is fair and in the best interest of the Settlement Class.

### MUTUAL COOPERATION

22.     Subject to certain provisions herein, the Parties agree to cooperate and take all steps necessary and appropriate to dismiss the Action with prejudice upon complete performance of the terms and conditions of the settlement.

### MAXIMUM PAYMENT TO CLASS MEMBERS

23.     The total payments to Class Members under this Settlement Agreement, exclusive of the payments described in paragraph 24 below and the employer's portion of statutory payroll taxes and withholdings as referenced in paragraph 25 below, shall not exceed the total sum of $404,000. Defendant shall make this payment to the Administrator within seven (7) calendar days of the Effective Date.  Defendant's maximum $404,000 payment obligation under this paragraph shall be reduced by any Payout Amounts attributable to Class Members who exclude themselves from the settlement pursuant to the procedures described in the Notice Form.

### ATTORNEYS FEES AND COSTS AND ENHANCEMENT AWARDS

24.     In addition to the maximum payment described in paragraph 23 above, Defendant agrees to pay, subject to Court approval, $101,000 to (i) compensate Class Counsel in an amount of $91,000 for all reasonable attorney's fees and costs, including costs associated with the work

performed by the Settlement Administrator described in paragraph 27 below, and (ii) provide a total of $10,000 in enhancement payments to Plaintiff Sarah Kelsh and the four existing Opt-In Plaintiff in the following amounts:  $6,000 to Sarah Kelsh and $1,000 each to Opt-In Plaintiffs Janice Dillalogue, Mary Metz, Cathy Nissley and Heather Slifer.   In advance of the final approval hearing, Class Counsel shall file with the Court a motion seeking the payments described in this paragraph, and Defendant agrees not to contest such motion.  The settlement of this action is not contingent on the Court's approval of the payments described in this paragraph, and in the event that any portion of such payments are disapproved by the Court, the disapproved funds shall remain the property of Defendant.  Defendant shall deliver the $101,000 payment described in this paragraph to Class Counsel within seven (7) calendar days of the Effective Date and, at the end of the 2013 tax year, shall issue to Class Counsel an IRS 1099 Form reflecting such payment.

## NO EXTRA PAYMENT

25.    The fee, expense, and enhancement payments described in paragraph 24 above, the maximum payment described in paragraph 23 above, and the payment of the employer portion of statutory payroll taxes and withholdings for all payments to Participating Class Members reported on Form W-2, constitute Defendant's entire potential monetary contribution to the settlement.  At no time will Defendant be responsible to Class Members or Class Counsel for payment of any additional monies.  All monies are and shall remain Defendant's property unless and until disbursed pursuant to this Agreement.

## TERMS OF SETTLEMENT

26.    NOW, THEREFORE, in consideration of the mutual covenants, promises, and warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

- 7 -

(a)     The Parties agree that the Action and any claims, damages, or causes of action arising out of the dispute which is the subject of the Action, or that reasonably arise out of the facts alleged in the Action, be settled and compromised as between the Settlement Class and Defendant, subject to the terms and conditions set forth in this Settlement Agreement and the approval of the Court.

(b)     <u>Effective Date of Settlement.</u>  The settlement embodied in this Settlement Agreement shall become effective on the Effective Date.

(c)     <u>Settlement Amount</u>.

(i)     In consideration for the settlement and a release of all claims of the Settlement Class against Defendant, Defendant agrees to pay to each Class Member, through the Administrator, the Payout Amounts, as described in Exhibit A, from the maximum $404,000 payment described in paragraph 23 above.  Confidential individual notices will be mailed to each Class Member by the Administrator selected by Class Counsel. Class Counsel shall be responsible for the cost of hiring the Administrator, as well as any costs associated with supervising the administration of the Settlement Fund.  Defendant is not responsible in any respect for any costs of settlement administration.

(ii)     Within seven (7) days of receiving from Defendant the maximum $404,000 payment described in paragraph 23 above, the Administrator will issue a settlement check to each Class Member who has not excluded himself/herself pursuant to paragraph 30 below.

(a)     Class Members will be solely responsible for the payment of any and all taxes of any kind that may be due and payable in connection with the payments made to them under this Agreement.   Class Members shall indemnify and hold harmless

- 8 -

Defendant and any other entities affiliated, in whole or in part with or by Defendant, and its past, present and future officers, directors, trustees, administrators, executors, attorneys, employees, insurers, reinsurers and agents, subsidiaries, shareholders, clients, and each of their successors and assigns, both individually and in their official capacities, from any and all liens, actions, claims, fines, penalties or interest, of any kind, on the part of the Internal Revenue Service or any other taxation authority in connection with any payments made under this Settlement Agreement.

      (b)    Class Counsel will be solely responsible for the payment of any and all taxes of any kind, if any, that may be due and payable in connection with payments made to Class Counsel.   Class Counsel agrees to indemnify and hold harmless Defendant and any other entities affiliated, in whole or in part with or by Defendant, and its past, present and future officers, directors, trustees, administrators, executors, attorneys, employees, insurers, reinsurers and agents, subsidiaries, shareholders, clients, and each of their successors and assigns, both individually and in their official capacities, from any and all liens, actions, claims, fines, penalties or interest, of any kind, on the part of the Internal Revenue Service or any other taxation authority in connection with any payments made to Class Counsel under this Settlement Agreement, including the $10,000 in enhancement payments that Class Counsel will forward to Plaintiff and the Opt-In Plaintiffs..

      (iii)    The Administrator shall provide each Participating Class Member with a Form W-2 for his/her payment.

      (iv)    Any amounts which accrue due to the failure of a Participating Class Member to cash his/her settlement check within ninety (90) days of the date of the check shall revert to Defendant, consistent with the Parties' intent that any unused portion of the maximum $404,000 payment described in paragraph 23 above is and shall remain the property of

- 9 -

Defendant. Within 120 days of the date of the settlement checks, the Administrator shall issue to Defendant a check representing the total amount of all uncashed settlement checks.

## SETTLEMENT ADMINISTRATOR

27.     The Parties have agreed that Class Counsel will retain and supervise a Settlement Administrator for the purpose of issuing notice and checks to Class Members.  All disputes relating to the payment of monies from the Settlement Fund to Class Members shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Settlement Agreement, until all payments and obligations contemplated by the Settlement Agreement have been fully carried out.

## NOTICE TO THE PLAINTIFF CLASS

28.     The Notice Form shall be sent by Class Counsel to the Settlement Class, by first class mail, within seven (7) calendar days of the Preliminary Approval Date.   Class Counsel and/or the Administrator will perform an address check prior to mailing and will use skip tracing or other appropriate steps to ensure that the Notice is sent to all Class Members.  Defendant agrees to cooperate with Class Counsel by providing information in its files necessary to confirm and/or update mailing information.

29.     Each Notice to each Class Member shall set forth only his/her Payout Amount, as indicated in Exhibit A.  The Parties agree to keep the allocation of payments to each Class Member confidential.  Class Members shall not be informed of, or have access to, information reflecting any other person's share of the Settlement Fund.

30.     Class Members will have forty-five (45) days from mailing of the Settlement Notice to object to or opt out of the settlement as outlined in the Notice Form.   Class Members desiring to exclude themselves from the settlement must do so in writing.  Written exclusions must be mailed to Class Counsel and Defendant's counsel pursuant to the instructions in the

- 10 -

Notice Form and must be postmarked within forty-five (45) days of the date the Settlement Notice is mailed.  Class Counsel shall file with the Court all received exclusions no later than seven (7) days after receipt.  Class Members who do not timely exclude themselves from the settlement shall be bound by all provisions of this Agreement, including the release of claims provision.

31.     The Court shall conduct a Fairness and Approval Hearing in accordance with Fed. R. Civ. P. 23(f) at a time to be determined by the Court.  The Parties will request that the Court conduct this hearing approximately sixty (60) days after the Notice is mailed.

32.     Subject to Court approval, within fourteen (14) days of the Effective Date, the Administrator shall distribute by mail the Payout Amount to each Participating Class Member. Participating Class Members shall have ninety (90) calendar days from the date of mailing by the Administrator to cash their settlement checks.  If any Participating Class Members fail to cash their settlement checks within that 90-day period, such check will be void.  In such event, those Participating Class Members will be deemed to have waived irrevocably any right in or claim to a settlement share, but the Settlement Agreement will nonetheless be binding upon them.

33.     Any residual monies in the Settlement Fund after all checks have been mailed to the Class Members and ninety (90) days have passed from such mailing shall be returned to Defendant pursuant to paragraph 26(c)(iv) above.

## **RELEASES**

34.     By operation of the entry of the Judgment and Final Approval, and except as such rights or claims as may be created by this Agreement, Named Plaintiff Sarah Kelsh and Opt-In Plaintiffs Janice Dillalogue, Mary Metz, Cathy Nissley and Heather Slifer forever and fully release Defendant, its owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries,

- 11 -

affiliates, benefit plans, plan fiduciaries and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Action (collectively, the "Releasees") from any and all past and present matters, claims, demands, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which Kelsh and the above-named Opt-In Plaintiffs has or might have, known or unknown, asserted or unasserted, of any kind whatsoever, that are based upon or arise out of their employment with Defendant, including the termination of that employment, from the beginning of the world up through the Effective Date ("Released Claims").   The Released Claims include without limitation claims asserted in the Action and any other legally waivable claims that she could have asserted as a result of her employment with Defendant, including but without limitation claims under Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act, the Pennsylvania Human Relations Act, the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law, the common law of Pennsylvania, and any other statutes, ordinances or regulations relating to the foregoing.

35.     By operation of the entry of the Judgment and Final Approval, and except as such rights or claims as may be created by this Agreement, Participating Class Members and their respective agents, employees, successors, heirs, spouses, administrators, executors, partners, assigns, and all of their past, present and future representatives and predecessors,  hereby release and forever discharge Defendant, as defined herein, from any and all claims, causes of action, demands, rights, damages, requests for equitable relief, expenses, interest, penalties, and

- 12 -

attorneys' fees, costs, and expenses, from the beginning of time through and including the Effective Date, arising out of Defendant's alleged failure to pay wages and overtime for work performed by any of the Participating Class Members while employed by Defendant, including, but not limited to, all claims arising under the FLSA, the PMWA, the PWPCL, the common law of Pennsylvania, and any other statutes, regulations or ordinances of other states and/or municipalities relating to the foregoing.

## DUTIES OF THE PARTIES BEFORE PRELIMINARY COURT APPROVAL

36.   Promptly after the full execution of this Settlement Agreement, Plaintiff shall file with the Court an unopposed motion seeking entry of a preliminary order substantially in the following form.

(a)   Scheduling a fairness hearing on the question of whether the proposed settlement should be finally approved as fair, reasonable, and adequate as to the Class Members;

(b)   Approving as to form and content the proposed Notice Form;

(c)   Directing the mailing of the Notice Form by first-class mail to the Class Members;

(d)   Preliminarily approving the settlement; and

(e)   Certifying the Settlement Class for the sole purpose of settlement.

## DUTIES OF THE PARTIES AFTER PRELIMINARY COURT APPROVAL

37.   Following preliminary approval by the Court of this Settlement Agreement, Class Counsel will submit a proposed final order and judgment:

(a)   Approving the settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

(b)   Dismissing the Action on the merits and with prejudice.

- 13 -

## VOIDING THE SETTLEMENT AGREEMENT

38.     A failure of the Court to approve any material condition of this Settlement Agreement which effects a fundamental change of the Parties' settlement shall render the entire Settlement Agreement voidable and unenforceable as to all of the Parties herein at the option of either party.

39.     Defendant retains the right to void this Settlement Agreement in its entirety if greater than ten percent (10%) of the Class Members reject the settlement and/or dismissal of the claims.

## PARTIES' AUTHORITY

40.     The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

## MUTUAL FULL COOPERATION

41.     The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement Agreement.  The Parties to this Settlement Agreement shall use their best efforts including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's final approval of this Settlement Agreement.  At no time shall any of the Parties or their counsel seeks to solicit or otherwise encourage Class Members to submit written objections to the Settlement Agreement or request exclusion from the Settlement Agreement, or appeal from or seek review of the Court's Final Approval Order of Final Judgment.

## NOTICES

42.     Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, or overnight carrier, return receipt requested, addressed as follows;

       To Plaintiff Class:

       Peter Winebrake, Esquire
       Andrew Santillo, Esquire
       Winebrake & Santillo, LLC
       Twining Office Center, Suite 211
       715 Twining Road
       Dresher, PA 19025

       To Defendant:

       James N. Boudreau, Esquire
       Kelly Dobbs Bunting, Esquire
       Greenberg Traurig, LLP
       2700 Two Commerce Square
       2001 Market Street
       Philadelphia, PA 19103

## CONSTRUCTION

43.     The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his or her or its counsel participated in the draft of this Settlement Agreement.

## CAPTIONS AND INTERPRETATIONS

44.     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this

PHI 317,004,831v1

Settlement Agreement or any provisions hereof.  Each term of this Settlement Agreement is contractual and not merely a recital.

## MODIFICATION

45.     This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.  This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

46.     This Settlement Agreement constitutes the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.

## NO PRIOR ASSIGNMENTS

47.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, and successors.  The Parties hereto represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

## CLASS COUNSEL SIGNATORIES

48.     It is agreed that because the Class Members are so numerous, it is impossible or impractical to have each Class Member execute this Settlement Agreement.  The Notice Form

- 16 -

will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Class Member.

## **NON-DISPARAGEMENT**

49.     The Parties agree not to engage in any conduct or make or authorize any statement regarding this Action or its resolution that would disparage either Defendant, its employees, former employees, agents, business, services, or products, or Plaintiffs.

## **REPRESENTATIONS AND WARRANTIES**

50.     Class Counsel represents and warrants that it has no other pending lawsuits or claims against Defendant as of the date of the full execution of this Settlement Agreement.  Class Counsel also warrants that it represents no additional current or former employees of Defendant that could participate in this Action who is not so participating, or who has not yet asserted a claim against Defendant.

51.     Consistent with governing ethical rules, Class Counsel agrees that they will not solicit, as that term is defined in governing ethical rules, in-person or by intermediary, professional employment from any prospective client employed, formerly employed or otherwise associated with Defendant with whom Class Counsel has no family, close personal, or prior professional relationship.

52.     Plaintiff Kelsh, the Opt-In Plaintiffs and Class Counsel agree, not to publicize the terms of this Settlement Agreement or any of the negotiations relating, or leading, to this Settlement Agreement in any way.  This includes, but is not limited to, a direction not to communicate with the press in any way, issue any press release or otherwise promote the Action, its resolution and/or the alleged results achieved in any marketing materials, including any web

- 17 -

site or other public media.  Class Counsel may disclose the fact of the lawsuit, that they

represented the Class Members and that the lawsuit has been resolved.

## **COUNTERPARTS**

53.    This Settlement Agreement may be executed in counterparts, and when each party

has signed and delivered at least one such counterpart, each counterpart shall be deemed an

original, and, when taken together with other signed counterparts, shall constitute on Settlement

Agreement, which shall be binding upon and effective as to all of the Parties.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the

date indicated below:

1|2|12
Date:                                                    Date:


Peter Winebrake                                          James N. Boudreau
Andrew Santillo                                          Kelly Dobbs Bunting
THE WINEBRAKE LAW FIRM, LLC                              GREENBERG TRAURIG, LLP
Twining Office Center, Suite 211                         2700 Two Commerce Square
715 Twining Road                                         2001 Market Street
Dresher, PA 19025                                        Philadelphia, PA 19103
*Attorneys for Plaintiff*                                *Attorneys for Defendant*


12/20/2012
Date:                                                    Date:


Sarah Kelsh                                              First Niagara Bank, N.A.
                                                         By: _____
                                                         Title: _____


_____

- 18 -

site or other public media.  Class Counsel may disclose the fact of the lawsuit, that they

represented the Class Members and that the lawsuit has been resolved.

### COUNTERPARTS

53.     This Settlement Agreement may be executed in counterparts, and when each party

has signed and delivered at least one such counterpart, each counterpart shall be deemed an

original, and, when taken together with other signed counterparts, shall constitute on Settlement

Agreement, which shall be binding upon and effective as to all of the Parties.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the

date indicated below:

Date: _____          Date: _____*Aug 17 2013*_____

Peter Winebrake                     James N. Boudreau
Andrew Santillo                     Kelly Dobbs Bunting
THE WINEBRAKE LAW FIRM, LLC         GREENBERG TRAURIG, LLP
Twining Office Center, Suite 211    2700 Two Commerce Square
715 Twining Road                    2001 Market Street
Dresher, PA  19025                  Philadelphia, PA  19103
*Attorneys for Plaintiff*           *Attorneys for Defendant*


Date: _____          Date: __1/14/2013__


Sarah Kelsh                         First Niagara Bank, N.A.
                                    By: Kate White
                                    Title: SVP HR

- 18 -

site or other public media.  Class Counsel may disclose the fact of the lawsuit, that they represented the Class Members and that the lawsuit has been resolved.

## COUNTERPARTS

53.     This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute on Settlement Agreement, which shall be binding upon and effective as to all of the Parties.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

_____                     _____
Date:                                           Date:


_____                     _____
Peter Winebrake                                 James N. Boudreau
Andrew Santillo                                 Kelly Dobbs Bunting
THE WINEBRAKE LAW FIRM, LLC                     GREENBERG TRAURIG, LLP
Twining Office Center, Suite 211                2700 Two Commerce Square
715 Twining Road                                2001 Market Street
Dresher, PA  19025                              Philadelphia, PA  19103
*Attorneys for Plaintiff*                       *Attorneys for Defendant*


_____                     _____
Date:                                           Date:


_____                     _____
Sarah Kelsh                                     First Niagara Bank, N.A.
                                                By: _____
                                                Title: _____

*Janice Dillalogue*
JANICE DILLALOGUE                      - 18 -

PHI 317,004,831v1

Janice Dillalogue

_Mary D Metz_   1/3/13
Mary Metz

_____
Cathy Nissley

_____
Heather Slifer

- 19 -

Janice Dillalogue

_____
Mary Metz

_____
Cathy Nissley

_____
Heather Slifer

- 19 -

Janice Dillalogue

_____
Mary Metz

_____
Cathy Nissley

_Heather Slifer_
_____
Heather Slifer

- 19 -

PHI 317,004,831v1

**Exhibit A**

|  | Exhibit A |
| --- | --- |
| **Employee ID Number** | **Individual Settlement Amounts** |
| 006818 | |
| 009776 | |
| 009777 | |
| 009778 | |
| 009781 | |
| 009782 | |
| 009783 | |
| 009784 | |
| 009786 | |
| 009788 | |
| 009789 | |
| 009790 | |
| 009791 | |
| 009792 | |
| 009793 | |
| 009794 | |
| 009796 | |
| 009797 | |
| 009798 | |
| 009799 | |
| 009800 | |
| 009801 | |
| 009802 | |
| 009804 | |
| 009805 | |
| 009806 | |
| 009807 | |
| 009808 | |
| 009809 | |
| 009810 | |
| 009811 | |
| 009812 | |
| 009813 | |
| 009815 | |
| 009816 | |
| 009818 | |
| 009819 | |
| 009821 | |
| 009825 | |
| 009826 | |
| 009827 | |

| Employee ID Number | Individual Settlement Amounts |
|---|---|
| 009828 | |
| 009830 | |
| 009831 | |
| 009833 | |
| 009834 | |
| 009835 | |
| 009836 | |
| 009837 | |
| 009838 | |
| 009840 | |
| 009841 | |
| 009842 | |
| 009843 | |
| 009844 | |
| 009848 | |
| 009878 | |
| 009975 | |
| 009981 | |
| 009988 | |
| 009992 | |
| 010010 | |
| 010029 | |
| 010050 | |
| 010070 | |
| 010076 | |
| 010086 | |
| 010118 | |
| 010139 | |
| 010440 | |
| 010481 | |
| 010859 | |
| 011091 | |
| 011512 | |
| 011539 | |
| 012168 | |
| 012219 | |
| 012340 | |
| 012369 | |
| 012420 | |
| 012598 | |
| 012797 | |
| 014569 | |
| | |
| **TOTAL** | **$404,000.00** |

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| SARAH KELSH, et al., | : |
| | :   Civil Action No. 2:12-01202 |
| v. | : |
| | : |
| FIRST NIAGARA FINANCIAL | : |
| GROUP, INC. , | : |

---

### CLASS ACTION SETTLEMENT NOTICE

**To:     [INSERT CLASS MEMBER'S NAME]**

**READ THIS DOCUMENT CAREFULLY.  IT SUMMARIZES THE TERMS OF THE
SETTLEMENT OF THIS CASE AND EXPLAINS YOUR RIGHTS UNDER THE
SETTLEMENT.**

### WHY AM I GETTING THIS NOTICE?

The United States District Court for the Eastern District of Pennsylvania (the "Court") presides over this lawsuit, which was filed on March 8, 2012 against First Niagara Financial Group, Inc., which for purposes of this case is properly known as First Niagara Bank, N.A. ("FNB").  The lawsuit was started by Sarah Kelsh ("Kelsh"), a former Assistant Branch Manager ("ABM") whose employment with FNB ended in May 2011.  Kelsh claims that that between March 2009 and June 2011, Defendant failed to pay certain ABMs who worked over 40 hours per week the proper amount of overtime pay, allegedly in violation of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA").

This is a class action lawsuit.  This means that Kelsh is not only seeking to recover damages for herself, but others who were allegedly subjected to the same claimed legal violation as well. FNB denies Kelsh's allegations, believes that it properly paid its ABMs at all times, and believes that this case is not properly a class action.  The Court has never ruled on the merits of Kelsh's claims or FNB's defenses.  Nevertheless, in the interest of avoiding further litigation, Kelsh and FNB (collectively, "the Parties") have decided to settle the Action.  You are receiving this Notice because the lawsuit has been settled, and you have been identified from company records as a member of the class ("Class Member"), so under the terms of the proposed settlement, you are entitled to certain monies.

The settlement terms are summarized below.  As a Class Member, you have the right to learn about the settlement.  You also have the right to object to the settlement terms, or to exclude yourself from the settlement.  You will automatically be covered by the settlement unless you take specific affirmative steps to exclude yourself by following the procedure explained below.

## WHO ARE MEMBERS OF THE CLASS?

The Settlement Class consists of all ABMs who worked for FNB at any branch formerly owned by Harleysville National Bank ("HNB") as exempt employees ineligible for overtime compensation between the dates of March 1, 2009 and the present ("Relevant Time Period"). Only those ABMs who worked at HNB or FNB at any time during the Relevant Time Period, and were classified as exempt, non-overtime eligible, are Class Members.  If this Notice is addressed to you, then Company records show that you are a Class Member and are eligible to recover money under the settlement.

## WHAT ARE THE TERMS OF THE SETTLEMENT?

Pursuant to the terms of the Settlement, and based on an analysis of Defendant's timekeeping and payroll records, Defendant has agreed to pay you a gross amount of $_____ ("Settlement Payment").  If the Court approves the Parties' settlement, a check for this amount will be mailed to you.  Under the tax laws, your Settlement Payment constitutes earned wages. Thus, your payment will be issued in the form of a payroll check subject to all ordinary employee taxes and withholdings.

YOU DO NOT NEED TO DO ANYTHING IN ORDER TO RECEIVE THIS SETTLEMENT PAYMENT.  UNLESS YOU EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS, YOU WILL RECEIVE THE AMOUNT STATED ABOVE.

## WHY IS THERE A SETTLEMENT?

The settlement is a compromise.  It allows the parties to avoid the costs and risks of further litigation and provides money to Class Members without significant delay.  In reaching a settlement, FNB has not admitted that it has violated any laws.  In fact, FNB denies that it violated any laws.

## WHAT DO I GIVE UP IN EXCHANGE FOR THE SETTLEMENT PAYMENT?

By accepting the Settlement Payment, you agree to release all claims against FNB, and any of its affiliated entities, and its and their officers, directors, and agents, for unpaid wages and overtime during the Relevant Time Period under any federal, state or local statute, regulation or legal theory.

If you currently have a pending legal claim or lawsuit against FNFG or if you anticipate filing a future legal claim based upon events that have already taken place, you should consult an attorney about the impact your release of claims may have on your current or anticipated legal action.

PHI 317,001,279v1 12-13-12

## HOW CAN I BE EXCLUDED FROM THE SETTLEMENT?

If you do not want to participate in this settlement, you must take steps to exclude yourself from the settlement.  To exclude yourself from the settlement, you must submit a signed letter by certified mail that states you wish to be excluded to the following address.  You must include your name, address and phone number in your written request.  You may not exclude yourself from the settlement by telephone, electronic mail or any other method than by a written request, mailed to:

FNFG Class Lawsuit Settlement
c/o Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA  19024

**Your request must be postmarked no later than _____, 2013 in order to be valid.**

If you ask to be excluded from the settlement, you will not receive a Settlement Payment, and you will not release any claims as stated above against Defendant.  Once you ask to be excluded and your request is deemed valid, you will not be legally bound in any manner by the terms of the settlement.

## HOW CAN I OBJECT TO THE SETTLEMENT?

You can object to the settlement if, for any reason, you believe the Court should not approve it.  To object to the settlement, you must prepare and send a signed letter by certified mail stating that you object to the settlement in the "FNFG Class Lawsuit."  The letter must include your full name, address and telephone number, and it should state all of the reasons why you object to the settlement.  You cannot object by telephone, electronic mail or by any other method than by a written request, mailed to:

| | |
|---|---|
| FNFG Class Lawsuit Settlement | FNFG Class Lawsuit Settlement |
| Peter Winebrake, Esquire | James N. Boudreau, Esquire |
| Andrew Santillo, Esquire | Kelly Bunting, Esquire |
| c/o Winebrake & Santillo, LLC | Greenberg Traurig LLP |
| 715 Twining Road, Suite 211 | 2700 Two Commerce Square |
| Dresher, PA  19024 | 2001 Market Street |
| | Philadelphia, PA  19103 |

**Your request must be postmarked no later than _____, 2013 in order to be valid.**

## WHAT IS THE SETTLEMENT APPROVAL PROCEDURE?

The Federal Judge overseeing this lawsuit will hold a hearing to decide whether to approve the settlement.  You may attend this hearing if you want.  You are not required or expected to attend

3

this hearing.

The Federal Judge will hold the hearing on _____ at ____ a.m. in Courtroom __ of the Federal Courthouse located at 601 Market Street, Philadelphia, Pennsylvania 19106.  At the hearing, the Judge will consider whether the settlement is fair, reasonable and adequate.  The judge will consider all written objections at that time, as well as hear any comments or objections from any individuals who have objected to the settlement by following the procedures described above.

## WHO PAYS THE ATTORNEYS' FEES AND COSTS?

You will not pay any attorney's fees or expenses out of your individual share of the settlement fund.  Under the settlement, the law firm of Winebrake & Santillo, LLC (Dresher, PA), who has acted as counsel to the Class in this lawsuit ("Class Counsel"), will ask the Court to approve a payment of no more than $91,000 to compensate them for all of the legal fees and expenses associated with this lawsuit.  The Parties agree that this payment is fair and reasonable under the circumstances of this case.  The above payment represents less than 20% of the total value of the settlement and must be approved by the Federal Judge.   If approved by the Court, these attorney's fees and expenses will be paid by FNB.

## WHERE CAN I GET ADDITIONAL INFORMATION?

This Notice summarizes the most important aspects of the proposed settlement.  If you have any questions or wish to get a copy of the entire Settlement Agreement or any of the underlying court pleadings, contact Class Counsel at (215) 884-2491.

*PHI 317,001,279v1 12-13-12*