

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH KELSH | : |
| | : 2:12-cv-01202-PBT |
| v. | : |
| | : **FILED** |
| FIRST NIAGARA FINANCIAL GROUP, INC. | : APR - 8 2013 |
| | : MICHAEL E. KUNZ, Clerk |
| | By _____ Dep. Clerk |

**ORDER**

AND NOW, this 8th day of April, 2013, upon consideration of the "Joint Stipulation for Class Action Settlement and Release" ("Settlement Agreement"), Plaintiff's "Unopposed Motion for Final Approval of the Class Action Settlement" ("Approval Motion") (Doc. 23), Plaintiff's accompanying memorandum of law (Doc. 24), the representations and presentations of counsel during the April 8, 2013 fairness hearing, and all other papers and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  The Settlement Agreement is approved pursuant to Federal Rule of Civil Procedure 23(e). In particular, the Court finds that the settlement is entitled to a presumption of fairness because: (a) the settlement negotiations occurred at arm's length; (b) there was sufficient discovery; (c) the proponents of the settlement are experienced in complex wage and hour litigation in the federal courts; and (d) no class members have objected to the settlement. Furthermore, this Court's consideration of the nine factors described in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), confirms that approval of the settlement is proper. In particular, based upon the entire record and the presentations of counsel, the following eight *Girsh* factors weigh in favor of approving the settlement: (a) the complexity, expense and likely duration of the litigation; (b) the

ENTERED

reaction of the class to the settlement; (c) the stage of the proceeding and the amount of the discovery completed; (d) the risks of establishing liability; (e) the risks of establishing damages; (f) the risks of maintaining the class action through trial; (g) the range of reasonableness of the settlement fund in light of the best possible recovery; and (h) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

2. Pursuant to Federal Rule of Civil Procedure 23(h), the Court approves the payment of $91,000.00 to Class Counsel pursuant to the terms of the Settlement Agreement to compensate Class Counsel for their combined attorney's fees and litigation expenses.

3. The Court also approves the enhancement awards of $6,000.00 to Named Plaintiff Sara Kelsh and $1,000.00 each to Opt-in Plaintiffs Cathy Nissley, Janice Dillalogue, Heather Slifer, and Mary Metz in recognition of their efforts on behalf of the class and their enhanced litigation positions.

4. This action is **DISMISSED WITH PREJUDICE**, although the Court shall retain jurisdiction over the interpretation, enforcement, and implementation of the Settlement Agreement and this Order.

**SO ORDERED:**

_____
Honorable Petrese B. Tucker

ENTERED
APR 0 8 2013
CLERK OF COURT